LAWRENCE R. SUYDAM and Another, Respondents, *v.* FREDERICK W. DUNTON, Appellant.

*Damages for a breach of a contract for the sale of real estate — bar to an action — a right of way abandoned — dependent covenants.*

In an action brought by the assignee of the vendee named in a contract for the sale of real estate, to recover damages for an alleged breach thereof, the defendants sought to charge the plaintiff with a specific performance of the contract. The assignee did not in the assignment assume the obligations of the contract, and the contract could not have been enforced against him.

In an action thereafter brought by the assignees of the defendants in the prior action against the assignor of the vendee named in said contract to recover damages for an alleged breach thereof,

*Held,* that the fact that the defendants in the former action had sought to charge a person not liable to them did not preclude them from maintaining an action against the right person.

Where a person for over thirty years continued in the open adverse occupation of land covered by a right of way under a claim of ownership, under such circumstances as warranted the conclusion that the right of way had been abandoned, it cannot be said that the right of way is an incumbrance upon the real estate.

A cessor to use, accompanied by an act clearly indicating an intention to abandon the right, has the same effect as a release without reference to time.

The rule as to dependent covenants requires only that a tender of the deed precede an action for the purchase money.

APPEAL by the defendant, Frederick W. Dunton, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Queens on the 16th day of July, 1894, upon the decision of the court rendered after a trial·at the Queens County Special Term.

This action was brought to recover damages for the breach of a contract to purchase real estate, the defense interposed being that the title offered to the purchaser was defective.

On or about the 12th day of October, 1891, Lewis L. Fosdick, as executor, and Phœbe Suydam, as executrix, of the last will and testament of Isaac D. B. Suydam, deceased, entered into a contract in writing, whereby they agreed to sell to Frederick W. Dunton, who agreed to purchase, certain real estate and appurtenances situated in the county of Queens in the State of New York. On the 6th day of March, 1892, the said Frederick W. Dunton assigned to Elihu J. Granger the said contract by means of an instrument

which was in the following words: " In consideration of the sum of $10,000 to me in hand paid, the receipt whereof is hereby acknowledged, I hereby sell, assign, transfer and set over to Elihu J. Granger all my right, title and interest in the annexed contract, dated October 12, 1891, and made by Lewis L. Fosdick, executor, and another to me. In witness whereof I have hereunto set my hand and seal March 6, 1892."

On the 11th day of April, 1892, the time for the completion of the contract of sale was extended until the 15th day of April, 1892. On April 15, 1892, a tender of the amount of money due upon the contract was made and a deed of the property demanded, which deed was tendered and contained the following provision, " subject, however, to the use of the public as a public highway known as Hillside avenue, running across said piece of land.". Said conveyance was not accepted, and on the 15th day of April, 1892, Elihu J. Granger commenced an action in the Supreme Court for damages for the failure on the part of the executors of Isaac D. B. Suydam to convey or offer to convey to him a good title to the premises in question.

The objection raised to the title was the existence of a lane as an easement created by grant and the use of the highway known as Hillside avenue.

On or about the 21st day of April, 1892, the executors of Isaac D. B. Suydam obtained an instrument in writing, purporting to be a release to them of the incumbrance by way of easement or right of way, which formed the basis of objection made to the acceptance of the conveyance tendered by them, which release they tendered to the assignee of the original contract, together with a deed conveying the premises in question.

The complaint in the action brought by Elihu J. Granger was dismissed.

*F. H. Van Vechten* and *Daniel E. Delavan*, for the appellant.

*F. R. Minrath*, for the respondents.

DYKMAN, J.:

This is an appeal by the defendant from a judgment entered upon the decision of a judge of this court in favor of the plaintiffs against the defendant.

The findings of facts and conclusions of law are full and satisfactory, and, with the opinion of the trial judge, render any enlargement here unnecessary.

The judgment should be affirmed upon the opinion of the court below, with costs.

PRATT, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed on the opinion of the trial court.

The opinion of the Special Term was as follows:
BROWN, J.:

The parties having agreed upon the facts of this case it is necessary only that I state my conclusions therefrom.

The defendant has never performed his agreement, and the executors having tendered a proper and sufficient deed for the property plaintiffs are entitled to recover the damages sustained unless that right has been lost by reason of some of the facts alleged as a defense.

Upon notice to the defendant the property was sold at public auction for $48,830.25, and that sum is agreed upon as the "fair market value" of the farm at the time of the sale.

The difference between that sum and the purchase price named in the contract of sale, together with the expenses incurred by the executors, make up the damages sustained.

The main defense relied upon is that based upon the judgment in the case of *Granger* v. *Suydam's Executors, etc.* That judgment is not a bar to this action.

Granger did not in the assignment to him by defendant assume the obligations of the contract, and the executors could not have enforced it against him. He was not liable for the purchase money, because that was defendant's debt, and Granger could have been liable for it only in case he promised to pay it in writing. For the same reason he was not liable for specific performance. The fact, therefore, that the executors asked to amend their answer in that action and prayed for specific performance, which motion the court granted, although the relief asked for was not granted, is not a defense to an action on the contract by the plaintiffs as the assignees of the executors against the defendant. The utmost that can be said upon this proposition is that the executors sought to charge a

person not liable to them. But this did not preclude them or their assignees from maintaining an action against the right party. The assignment neither bound Granger to, nor released the defendant from, the obligation of the contract. Its sole effect was to entitle Granger to demand and receive the performance of the contract of the executors. He stood in the defendant's place, and his tender of the installment of the purchase money in April, 1892, may be considered in this action as made on defendant's behalf.

If the executors were not at that time able to perform the contract on their part and convey a good title, then they were in default and the agreement was broken.

This question depends upon the existence or non-existence of the right of way over the farm. The facts in relation to that right of way are set forth in the statement, 16th to 24th subdivisions inclusive, from which it appears that Isaac D. B. Suydam, and after his death his heirs and executors, had been since 1861 in the continued open adverse occupation of the land covered by said right of way under claim of ownership, and under such circumstances as warrant the conclusion that it had been abandoned and surrendered by the owner of the adjacent farm. Under these facts there was no incumbrance.

A cessor to use, accompanied by an act clearly indicating an intention to abandon the right, has the same effect as a release without reference to time. (Washb. Easem. [4th ed.] 707; *Snell* v. *Levitt*, 110 N. Y. 595; *Welsh* v. *Taylor*, 134 id. 450, and cases cited.)

It is not a defense that there was in April, 1892, an apparent incumbrance of this character upon the farm. It must be shown to exist as a fact, otherwise it does not justify a refusal to perform the contract.

I find as a fact, therefore, that there was no incumbrance upon the land in April, 1892, when the second installment was due, and that the executors were at that time ready and willing to perform. They were not bound at that date to tender performance. It is sufficient that that be done at the maturity of the final payment.

The rule as to dependent covenants requires only that tender of the deed precede an action for the purchase money.

There is no defense to the action, and the plaintiffs are entitled to judgment for the sum of $25,425.58, with interest from December 2, 1893.